SMITH et al. v. SEATTLE, L. S. & E. RY. CO.

(Supreme Court, General Term, First Department. November 18, 1892.)

DISCOVERY—PRACTICE.

An order for discovery should not be granted where a previous order granting the discovery has been reversed, and a reargument is pending.

Appeal from special term, New York county.

Action by Charles Smith and another against the Seattle, Lake Shore & Eastern Railway Company for damages for breach of contract. From an order for discovery, defendant appeals. Reversed.

For former reports, see 16 N. Y. Supp. 417, 19 N. Y. Supp. 742.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Henry Stanton, for appellant. Carroll Sprigg and Gilbert D. Lamb, (John H. V. Arnold, of counsel,) for respondents.

PER CURIAM. Upon the former appeal the order granting an inspection was reversed, upon the ground that the papers served on the motion were defective, in that "the allegations of the petition were upon information and belief as to some of the matters material to the application, and on writings not annexed to the petition as served." 19 N. Y. Supp. 742. These objections

may have been obviated in the new petition by-service of copies of the papers referred to in the former petition, but not annexed thereto. Upon the merits of the application, the court having the power to make such an order, and the papers themselves being formally correct, we should not be inclined to disturb the discretion exercised by the judge at special term in directing an inspection. Although this appeal must be disposed of upon another ground, this expression of our view upon the merits we think proper, in order, that some amicable arrangement for the production of the papers, an inspection of which is sought, may be arrived at, as suggested upon the argument, or, upon failure of the parties to agree as suggested, that the delay and expense of another appeal may be obviated.

This order appealed from, we think, should be reversed, for the reason that it is made to appear that this general term handed down a decision in June, 1892, reversing the former order, and thereafter, and on September 19, 1892, the plaintiffs' attorneys made a motion for an order directing a reargument or resubmission of such appeal, and, while such motion for reargument was pending, the plaintiffs procured the order to show cause upon which the order granting an inspection, and from which this appeal is taken, was made. We do not think that such practice should be encouraged. The positions thus assumed by the plaintiffs, in moving for reargument at general term, and, before a disposition of such motion, applying on other papers for the same relief at special term, are inconsistent. The objection that a motion for reargument was pending was made at special term, and, notwithstanding such objection, this order appealed from was made. We think this was error, and should result in a reversal of the order, with costs and disbursements, and granting the motion, with $10 costs, with leave to renew upon payment of the costs of appeal and costs of motion below.